# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6464 | DATE | 12/31/2002 |
| CASE TITLE | IBEW vs. O'Reilly | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted. Status hearing set for 2/10/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 0 2 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | JAN 0 2 2003 | |
| | TH / courtroom deputy's initials | 02 DEC 31 PM 12:58 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 15 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) | No. 02 C 6464 |
| Plaintiffs, | ) ) ) | Judge Amy J. St. Eve |
| v. | ) ) | |
| THOMAS O'REILLY and WILLIAM STARR, | ) ) | |
| Defendants. | ) | |

DOCKETED

JAN 02 2003

## MEMORANDUM OPINION AND ORDER

Defendants Thomas O'Reilly and William Starr have moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is granted.

## FACTUAL BACKGROUND

Plaintiff Local 15 of the International Brotherhood of Electrical Workers (the "Union") is a labor organization. Defendant Thomas O'Reilly was a former business agent of the Union. Defendant William Starr is the former president, business manager and financial secretary of the Union. Both Defendants were removed from their Union positions on March 8, 2002.

Plaintiff has filed a complaint alleging that Defendants failed to properly maintain and keep the Union's records and receipts while in their Union positions, and improperly received salary overpayments which they failed to return to the Union. Plaintiff has sued Defendants for an alleged breach of their fiduciary duty and for an accounting pursuant to 29 U.S.C.§ §501(a) and 501(b).

1



## ANALYSIS

### I. Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *Majchrowski v. Norwest Mortgage, Inc.*, 6 F.Supp.2d 946, 952 (N.D. Ill. 1998). In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with [the] allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff, and construes the allegations liberally. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996); *Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2002 WL 31269485, at *3 (N.D. Ill. Oct. 9, 2002). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Kennedy v. National Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). The complaint, however, must allege that each element of a cause of action exists in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Furthermore, a plaintiff "cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Collins v. Snyder*, No. 02 C 4493, 2002 WL 31749173, at *1 (N.D. Ill. Dec. 2, 2002) (citations and quotations omitted).

## II. Section 501

Defendants contend that Section 501 of the Labor Management Reporting and Disclosure Act does not provide for a private cause of action by a Union against former members. Plaintiff counters that the issue of whether Section 501 creates a cause of action has not been decided by the Seventh Circuit and remains open.[1] Plaintiff further asserts that it can bring a cause of action under either Section 501(b) or Section 501(a). Plaintiff's arguments fail.

### A. Section 501(b)

Section 501(b) provides, in relevant part:

> When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable period of time after being requested to do so by any member of the labor organization, **such member**[2] may sue such officer, agent, shop steward, or representative in any district court of the United States . . . to recover damages or secure an accounting or other appropriate relief for the benefit o the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte.

29 U.S.C. § 501(b) (emphasis added).

Plaintiff correctly notes that the Seventh Circuit has not decided whether a union has a private right of action pursuant to Section 501(b). The Seventh Circuit only has stated "[w]e find

---

[1] Plaintiff also argues that a cause of action also exists under 29 U.S.C. §185. Because Plaintiff did not include such a count in its Complaint, this issue is not properly before the Court at this time.

[2] Section 402(o) defines the term "member" to include "any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.C. § 402(o).

3

it unnecessary to decide whether a union could sue under section 501 without meeting the procedural prerequisites of the statute." *Tile, Marble, Terrazzo, Finishers, Shopworkers and Granite Cutters Int'l Union, AFL-CIO v. Ceramic Tile Finishers Union, Local 25*, 972 F.3d 738, 745 n.4 (7th Cir. 1992).

Plaintiff argues that Section 501(b) "certainly contemplates that a union may bring suit against its officers in some forum." (R-8 at 1). The Court, however, agrees with Judge Zagel that the plain language of the Section 501(b) only provides for a member to file suit under the statute. *International Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO, v. Freeman*, 683 F.Supp. 1190, 1192 (N.D. Ill. 1988). *See also Building Material & Dump Truck Drivers Local 420 v. Traweek*, 867 F.2d 500 (9th Cir. 1989) (no cause of action by union); *Operative Plasterers & Cement Masons Int'l Assoc. of the United States & Canada v. Benjamin*, 776 F.Supp. 1360, 1364 (N.D. Ind. 1991) (Section 501(b) does not provide for a cause of action by union); *Local 443, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Pisano*, 753 F.Supp. 434, 436 (D. Conn.1991). Section 501(b) clearly states that a *member* can bring suit, and the definition of a member does not include a union. This Court will not amend the statute as written by Congress. Further, the Court respects the "federal policy of noninterference in the internal affairs of unions and labor matters." *Traweek*, 867 F.2d at 506.

**B. Section 501(a)**

There is a split of authority, however, as to whether Section 501(a) provides for a private right of action by a union. As the Supreme Court acknowledged without resolving the issue: "Courts have reached inconsistent positions on the question whether a union may bring suit under § 501." *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 375, 110 S.Ct. 680, 686 (1990).

Several courts have held that Section 501(a) creates an implied cause of action for unions to proceed, and that Section 1331 or Section 1337[3] of Title 28 provides federal courts with the jurisdictional hook to entertain such cases. *See e.g., International Union of Elec., Elec. Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham*, 97 F.3d 1416, 1421 (11th Cir. 1996) (Section 1331 provides jurisdiction for Section 501(a) causes of action by unions); *International Longshoremen's Ass'n, Steamship Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 914 F.Supp. 1335, 1340 (E.D. Va. 1996) (union can sue under Section 501(a) and Section 1337 provides for jurisdiction); *Benjamin*, 776 F.Supp. at 1365 (Section 501(a) creates a cause of action; 28 U.S.C. § 1337 gives the court jurisdiction to hear that cause of action). On the other hand, many courts have rejected that Section 501(a) provides a private right of action for unions. *See e.g., Dunlop-McCullen v. Pascarella*, No. 97 C 0195, 2002 WL 31521012, at *9 (S.D.N.Y. Nov. 13, 2002) ("there is no claim created for unions by § 501"); *Local 1150 Int'l Bhd. of Teamsters v. SantaMaria*, 162 F.Supp.2d 68, 81 (D. Conn. 2001) (no cause of action for unions); *United Transp. Union v. Bottalico*, 120 F.Supp.2d 407, 408-09 (S.D.N.Y. 2002) ("Congress did not intend to create a right of action for unions" under § 501(a)); *International Longshoremen's Association, AFL-CIO v. Spear*, No. Civ. A. 97-2438, 1998 WL 83684, at *5 (E.D. Pa. Feb. 25, 1998). The Union urges this Court to agree with those courts holding that Section 501(a) provides for a cause of action by a union for a breach of a fiduciary duty by one of its members. The Union heavily relies on the non-binding opinion in *Benjamin* in support of its argument.

---

[3] Sections 1331 and 1337 both give federal courts jurisdiction. Section 1331 grants federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1337 provides for jurisdiction over "any civil actions or proceedings arising under any Act of Congress regulating commerce." 28 U.S.C. § 1337(a). Plaintiff has alleged Section 1337 as a basis for jurisdiction in its complaint.

5

Section 501(a) provides:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization . . . .

29 U.S.C. §501(a).

As with Section 501(b), a plain reading of Section 501(a)'s language does not create a cause of action for unions. *See Bottalico*, 120 F.Supp.2d at 408 ("[t]he plain language of §501 cannot be read to create a claim for unions"). Section 501(a) only sets forth fiduciary duties. Furthermore, Congress expressly provided for a cause of action for union members in Section 501(b). It is an "'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies." *Karahalios v. National Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 533, 109 S.Ct. 1282, 1286, 103 L.Ed.2d 539 (1989)(*quoting Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979)). If Congress had wanted to give the union the same cause of action, they could have done so. Accordingly, the Court finds that Section 501(a) does not provide a cause of action for unions to sue in federal court.

Plaintiff's reliance on *Hood v. Journeyman Barbers, Hairdressers, Cosmetologists & Proprietors Int'l Union of Am.*, 454 F.2d 1347 (7th Cir. 1972) in misplaced. In *Hood*, the Seventh Circuit held that members of a union could bring suit under Section 501 against the union's pension

fund committee. The Seventh Circuit concluded that the pension fund committee fell within Section 501(a)'s definition of "officers, agents, or other representatives," *id.* at 1354, and therefore had fiduciary responsibilities. *Hood* did not create a separate cause of action and does not support one here.

The Court's ruling is also consistent with *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In *Cort*, the Supreme Court set forth a four part test to determine whether the courts can imply a private cause of action from a statute: (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted;" (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" and (4) whether the purported cause of action is "one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law." *Id.* at 78, 95 S.Ct. at 2088. These factors do not support an implied right of action by the Union. *See Dunlop-McCullen*, 2002 WL 31521012 at *9 (*Cort* factors not met); *SantaMaria*, 162 F.Supp.2d at 75-81 (same); *Bottalico*, 120 F.Supp.2d at 408-10 (same); *Spear*, 1998 WL 83684 at *7 (same). *But see Teamsters, Chauffeurs, Warehousemen & Helpers, Local 764 v. Greenawalt*, 880 F.Supp. 1076, 1080-81 (M.D. Pa.1995) (*Cort* factors satisfied for Section 501 implied right of action by union). Accordingly, the Union cannot proceed against Defendants under Section 501, thus the case is hereby dismissed with prejudice.

## CONCLUSION

Defendants' Motion to Dismiss is granted. Plaintiff's complaint is dismissed with prejudice.

DATED: December 31, 2002          ENTERED

*[signature]*
AMY J. ST. EVE
United States District Judge